# IN THE COURT OF APPEALS OF IOWA

No. 13-1423
Filed January 14, 2015


**AUSTIN LEE CROWELL n/k/a**
**AUSTIN LEE NYE,**
        Petitioner-Appellee,

**vs.**

**ADDISON MCFERREN,**
        Respondent,

**and**

**DENNIS MCFERREN and**
**CHARLENE MCFERREN,**
        Intervenors-Appellants.
_____

**IN THE MATTER OF THE GUARDIANSHIP**
**OF S.M.**
_____

        Appeal from the Iowa District Court for Lee (South) County, John M.

Wright, Judge.


        Maternal grandparents appeal from the district court's denial of their

petition to be appointed guardians.  **AFFIRMED.**


        Eric L. Benne of Swanson, Gordon, Benne, Clark & Kozlowski, L.L.L.P.,

Burlington, for appellants.

        Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellee.


        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

This was a consolidated action in which the district court considered the father's petition for custody, support, and visitation of his child, S.M., as well as the maternal grandparents' petition to create a guardianship. The mother and father were never married. The child was born in September 2010, and the father filed a petition for custody, support, and visitation in December 2010. The mother interfered with the father's attempts to establish paternity and to exercise visitation. The child has been in the care of the maternal grandparents pursuant to a temporary guardianship established when the mother was about to enter prison. For reasons we need not repeat here, the matters were not tried until May 16, 2013. For the reasons that follow, we affirm the denial of a permanent guardianship.

With regard to the father's custody petition, the district court entered a decree placing the child in the parents' joint legal custody and in the father's primary care. Visitation and support were ordered.

Although the maternal grandparents' petition for appointment of a guardian was denied, the district court commended the grandparents for their devotion and commitment to the child and her special needs. However, the court also noted the grandparents have done much "to prevent [the father] from enjoying the opportunity to raise his child" and had blocked him from becoming a part of the child's life. The court concluded the grandparents had failed to meet their burden to rebut the statutory parental preference. *See* Iowa Code § 633.559 (2011). The grandparents now appeal.

We review an action for the involuntary appointment of a guardian for errors at law. *See* Iowa Code § 633.33; *In re Guardianship of M.D.*, 797 N.W.2d 121, 127 (Iowa Ct. App. 2011). The district court's factual findings are binding on this court if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a).

While our primary consideration is the best interests of the child, *In re Guardianship of Knell*, 537 N.W.2d 778, 780 (Iowa 1995),

> Iowa law recognizes a strong presumption that a child's welfare is best served in the care and control of his or her natural parents. Iowa Code section 633.559 creates a presumptive preference in guardianship cases: "[T]he parents of a minor, or either of them, if qualified and suitable, shall be preferred over all others for appointment as guardian." This presumption codifies the "strong societal interest in preserving the natural parent-child relationship."

*M.D.*, 797 N.W.2d at 127 (citations omitted).

The grandparents bear the burden to overcome the rebuttable parental preference. *See id.* They must prove the need for the appointment of a guardian by clear and convincing evidence. Iowa Code § 633.551(1). The burden requires proof the natural parent is not a qualified or suitable caregiver. *M.D.*, 797 N.W.2d at 127.

The district court ruled the grandparents had failed to meet their burden of establishing the father is not a qualified or suitable caregiver. We agree. The father is married, and he and his wife have a child together. In addition, the father has another child who is in his primary care. He has shown a genuine interest in providing for S.M.'s medical care and developmental needs despite the maternal grandparents' efforts to keep him uninvolved. There is no evidence the father is not a suitable caregiver.

The grandparents express concerns that the father and his wife will not be able to provide the same concentrated attention to the child's needs as they have provided. We acknowledge the father may need some assistance from family or friends in this regard. Yet, "[r]ecognition that a non-parent may provide excellent parenting to the child will rarely be strong enough to interfere with the natural rights of the parent." *Id.* at 128. The grandparents rely on the fact that the child is autistic and change is difficult. However, the district court recognizes the difficulty and provides for a transition schedule. There is no doubt that the grandparents have more time and money to focus on the child, but the record supports the court's findings concerning their interference with the father's attempts to be involved. Further, substantial evidence supports the district court's finding that the father is a suitable caregiver.

We also commend the grandparents for the special care they have provided the child. Ideally, the father and the grandparents will set aside their animosity and work together for the best interests of the child. Joint counseling or mediation may assist them. After all, the grandparents and the father all clearly have the child's interest at heart. However, if the parties cannot rise above their past differences for the benefit of the child, the father will ultimately be fully responsible to attend to the child's significant needs. Because the grandparents have failed to rebut the parental preference, we affirm the denial of their petition to establish a guardianship.

**AFFIRMED.**